Singh v. Barr

BIA
Vomacka, IJ
A205 442 726

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand nineteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

PARGAT SINGH,
> *Petitioner,*

v.                                                    18-264
                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pargat Singh, a native and citizen of India, seeks review of a December 28, 2017, decision of the BIA affirming an April 28, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pargat Singh,* No. A205 442 726 (B.I.A. Dec. 28, 2017), *aff'g* No. A205 442 726 (Immig. Ct. N.Y. City Apr. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision without consideration of the IJ's denial of asylum as untimely or the IJ's finding regarding Singh's difficulty defining the term Khalistan because the BIA explicitly declined to rely on those findings. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Singh was not credible as to his claim that police detained and beat him twice in India on account of his membership in the Akali Dal Mann Party and his fear of similar harm in the future.

The agency reasonably relied on Singh's inconsistent statements regarding the date he joined his party, whether he had uncut hair and wore a turban in India in accordance with his Sikh faith, and when he cut his hair in relation to his decision to travel to the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Having questioned Singh's credibility, the agency

3

reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ found, Singh failed to provide any evidence to rehabilitate his inconsistent testimony regarding the date he joined Akali Dal Mann, his medical certificates indicated that they were issued in 2011 and thus conflicted with his testimony that they were issued to his father years later, and his village leader's and mother's affidavits were not reliable due to strikingly similar language including identical typographical errors. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are canned." (internal quotation marks omitted)).

Given Singh's inconsistent evidence and insufficient corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Singh's argument, the credibility determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

5